IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| NELSON LEE PALMER ) | |
| ) | |
| Plaintiff(s), ) | |
| ) | |
| v. ) | |
| ) | 2:06-CV-344-WKW |
| DR. SEDIET, ET AL. ) | |
| ) | |
| Defendant(s). ) | |
| ) | |
| ) | |

## SPECIAL REPORT AND ANSWER

COME NOW the Defendants, Donal Campbell[1] and Arnold Holt, by and through undersigned counsel, and in accordance with this Honorable Court's April 18, 2006 Order, and offer the following Special Report and Answer to the Plaintiff's Complaint:

## PARTIES

1. The Plaintiff, Nelson Lee Palmer, is an Alabama Department of Corrections ("ADOC") inmate who is currently incarcerated in Bullock Correctional Facility ("BCF").

2. Defendant Donal Campbell is the former Commissioner of ADOC and is due to be dismissed.

3. Defendant Arnold Holt is currently employed by ADOC as a Warden III at BCF.

---

[1] Donal Campbell is the former Commissioner of ADOC and ADOC is not authorized to accept service of process for him, or any other ex-employee, in his individual capacity. Thus, there is insufficient service in his individual capacity. Mr. Campbell is due to be dismissed in his individual capacity for insufficient service and Richard Allen, the current Commissioner, is automatically substituted for Mr. Campbell in his official capacity pursuant to Rule 25 of the Federal Rules of Civil Procedure.

1

4. Defendant Richard Allen is the Commissioner of ADOC and is a Defendant in his official capacity pursuant to Rule 25 of the Federal Rules of Civil Procedure.

### EXHIBIT

EXHIBIT 1 – Affidavit of Arnold Holt.

### PLAINTIFF'S CLAIMS

Plaintiff claims that he has been denied proper medical care. Specifically, Palmer alleges that a large growth on his neck has not been surgically removed. He requests the Court to order him sent to a free world hospital and five million dollars for physical injury and emotional distress.

### DEFENDANTS' RESPONSE

1. The Defendants deny that Plaintiff was denied medical care, and affirmatively states that Plaintiff was provided with full access to medical care.

2. The Defendants deny that they were deliberately indifferent to the Plaintiff's right to medical care.

3. The Defendants deny that the Plaintiff's Eighth Amendment rights were violated.

4. The Defendants deny that any of the Plaintiff's constitutional rights have been violated.

5. The Defendants deny all material allegations not expressly admitted herein and demand strict proof thereof.

6. The Plaintiff has failed to state a claim upon which relief may be granted.

7. The Defendants assert the defenses of qualified immunity and immunity under the Eleventh Amendment.

8.   The Defendants can not be held liable based on the theory of respondeat superior under 42 USC 1983.

9.   The Plaintiff is not entitled to damages for emotional distress pursuant to 42 USC 1997e(e).

## STATEMENT OF FACTS

Warden Holt has no knowledge of Inmate Nelson Lee Palmer's medical condition.

## SUMMARY JUDGMENT STANDARD

Summary judgment may be granted only if there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law. Fed.R.Civ.P. 56. In making that assessment, the court must view the evidence in a light most favorable to the non-moving party and must draw all reasonable inferences against the moving party. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). The burden of proof is upon the moving party to establish his prima facie entitlement to summary judgment by showing the absence of genuine issues and that he is due to prevail as a matter of law. *See Clark & Clark, Inc.*, 929 F.2d 604 (11th Cir. 1991). Once that initial burden has been carried, however, the non-moving party may not merely rest upon his pleading, but must come forward with evidence supporting each essential element of his claim. *See Celotex Corp v. Catrett*, 477 U.S. 317 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986); *Barfield v. Brierton*, 883 F.2d 923 (11th Cir. 1989). Unless the Plaintiff, who carries the ultimate burden of proving his action, is able to show some evidence with respect to each element of his claim, all other issues of facts become immaterial and the moving party is entitled to judgment as a matter of law. *See Celotex Corp. v. Catrett*, 477 U.S. 317

(1986); *Bennett v. Parker*, 898 F.2d 1530 (11th Cir. 1990). As the Eleventh Circuit has explained:

> Facts in dispute cease to be "material" facts when the plaintiff fails to establish a prima facie case. "In such a situation, there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial." [Citation omitted]. Thus, under such circumstances, the public official is entitled to judgment as a matter of law, because the plaintiff has failed to carry the burden of proof. This rule facilitates the dismissal of factually unsupported claims prior to trial.

898 F.2d at 1532.

## ARGUMENT

I.  **Warden Holt and the Commissioner of ADOC were not deliberately indifferent to the Plaintiff's medical needs.**

The Eleventh Circuit has noted four factors required to state a claim of deliberate indifference to medical needs: "Ultimately, there are thus four requirements: an objectively serious need, an objectively insufficient response to that need, subjective awareness of facts signaling the need, and an actual inference of required action from those facts." *Taylor v. Adams*, 221 F.3d 1254, 1258 (11th Cir. 2000).

The Plaintiff has presumably sued Warden Arnold Holt and the Commissioner of ADOC for medical indifference, though he makes no specific allegations against them. In *Estelle v. Gamble*, the United States Supreme Court noted that "a medical decision not to order an X-ray, or like measures, does not represent cruel and unusual punishment." 429 U.S. 97, 107 (1976). The Court described this type of decision as a "matter for medical judgment." *Id*. Like the Plaintiff in this case, the inmate plaintiff in *Estelle v. Gamble* had seen a physician on numerous occasions, but he claimed that "more should have been done by way of diagnosis and treatment" and that "a number of options . . .

were not pursued." *Id*. On remand from the United States Supreme Court, the Fifth Circuit considered whether the warden and corrections director had been deliberately indifferent to the inmate's medical needs. *Gamble v. Estelle*, 554 F.2d 653 (5th Cir. 1977) (per curiam). The court found that the inmate had failed to produce evidence to indicate that these officials had been deliberately indifferent "by means of interference with the prison doctor's performance or in any other manner which would satisfy the Supreme Court standard." *Id*. at 654.

In the case before this Court, Plaintiff is complaining that a fatty growth has not been removed from his neck. The decisions to perform various tests, recommend surgery and when to perform the surgery are the result of the medical judgments of physicians, not the Defendants. The affidavit of Warden Holt shows that he has not even been made aware of Plaintiff's medical condition. The facts concerning his medical care presumably will be submitted by the medical defendants and will show that the physician was permitted to make his/her own assessments of the Plaintiff's conditions. Like the inmate plaintiff in *Estelle v. Gamble*, the Plaintiff wants more to be done by way of treatment and wants other options pursued. Just as in *Estelle v. Gamble*, however, the course of treatment is the subject of medical judgment and cannot possibly rise to the level of cruel and unusual punishment by Warden Holt or the Commissioner, who have not even been made aware of Plaintiff's medical conditions.

Moreover, the Plaintiff cannot establish that the Defendants have been, or continue to be, deliberately indifferent to his serious medical needs. The Plaintiff does not claim that the Defendants have prevented him from having access to the HCU at BCF. Although the Plaintiff is unhappy with the treatment plan put in place by his

5

physicians, the Defendants cannot substitute there own judgment for that of the physicians who have treated, and continue to treat, the Plaintiff. From the face of the Complaint, it is clear that the Defendants have not displayed an objectively insufficient response to the Plaintiff's medical needs since they are not even aware of Plaintiff's medical condition. Thus, Plaintiff can not show the Warden or the Commissioner have subjective awareness of Plaintiff's alleged medical needs.

II.     **Plaintiff can not hold any Defendant liable under the theory of respondeat superior.**

Since Plaintiff makes no allegations that Commissioner Campbell and Warden Holt knew of his medical condition, Plaintiff's claim against them is apparently an attempt to hold them responsible through the concept of respondeat superior which is not available to a plaintiff under § 1983. *Monell v. Department of Social Services of City of New York*, 436 U.S. 658 (1978). Absent some allegation that these Defendants knew of, sanctioned, participated in, or were otherwise "affirmatively linked" to the acts here complained of, the complaint is insufficient to state a cause of action under 42 U.S.C. § 1983. *See Gilmere v. City of Atlanta, Ga.*, 774 F.2d 1495, 1504 (11th Cir. 1985) *cert. denied*. 476 U.S. 1115 (1986).

III.    **Defendants are immune from suit.**

Plaintiff's suit is barred under the doctrines of discretionary function and qualified immunity. Qualified immunity protects government officials from civil trials and liability when their conduct "violates no clearly established statutory or constitutional rights of which a reasonable person would have known." *Wilson v. Blankenship*, 163 F.3d 1284, 1288 (11th Cir. 1998), quoting *Lassiter v. Alabama A&M Univ., Bd. of Trustees*, 28 F.3d 1146, 1149 (11th Cir. 1994). The defendants are also entitled to discretionary-function

immunity, which protects the discretionary acts of state employees from suit unless a plaintiff can show the employee acted maliciously or in bad faith. *Taylor v. Adams*, 221 F.3d 1254, 1261 (11th Cir. 2000). As Palmer has not shown that the defendants' acts violated clearly established law, or were done in bad faith, they are immune from suit.

To the extent that the plaintiff asserts his claims against the defendants in their official capacities, the claims must fail because the defendants are entitled to immunity via the Eleventh Amendment. The Eleventh Amendment to the United States Constitution provides that "[t]he judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another state, or by citizens or subjects of any foreign state." The Amendment not only bars suits against a state by citizens of another state, but it also bars suits against a state by that state's own citizens. See *Edelman v. Jordan*, 415 U.S. at 663, 94 S. Ct at 1347 and *Hans v. Louisiana*, 134 U.S. 1, 13-15, 10 S. Ct. 504, 33 L.Ed. 842 (1890). All defendants were acting within the scope of their official duties in this instance on behalf of the State of Alabama. The State of Alabama has not waived its immunity or consented to the filing of such a suit. The defendants are absolutely immune from suit in this instance. U.S. Const. amend. 11; Art. I, § 14, ALA. Const. (The State of Alabama shall never be made a defendant in any court of law or equity); see also *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (a claim against a state official in his official capacity is a claim against the state).

**CONCLUSION**

There are no genuine issues of material fact, and the Defendants are entitled to judgment as a matter of law. WHEREFORE, the Defendants respectfully request that this Honorable Court dismiss the claims against them.

        Respectfully submitted,

        TROY KING
        Attorney General

        /s/ Jeffery H. Long
        Jeffery H. Long
        Assistant Attorney General

ADDRESS OF COUNSEL:

Office of the Attorney General
11 South Union Street
Montgomery, AL 36130
(334) 242-7300

**CERTIFICATE OF SERVICE**

I hereby certify that I have, this the 30th day of May, 2006, served a copy of the foregoing upon the Plaintiff by placing same in the United States Mail, postage prepaid and properly addressed as follows:

    Nelson Lee Palmer, AIS 173247
    Bullock Correctional Facility
    PO Box 5107
    Union Springs, AL 36089

        /s/ Jeffery H. Long
        Jeffery H. Long
        Assistant Attorney General