IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

NELSON LEE PALMER (AIS #173247)     *

                                     *

      Plaintiff,

                                     *

V.                                 2:06-CV-344-WKW

                                     *

DR. SEDIET, ET AL.

                                     *

      Defendants.

                                     *

**SPECIAL REPORT OF DEFENDANTS
PRISON HEALTH SERVICES, INC. AND TAHIR SIDDIQ, M.D.**

COME NOW Defendants Prison Health Services, Inc. (incorrectly named in the Plaintiff's Complaint as "P.M.S."), (hereinafter referred to as "PHS") and Tahir Siddiq, M.D. (incorrectly named in the Plaintiff's Complaint as "Doctor Sedict") in response to this Honorable Court's Order of April 18, 2006, and present the following Special Report with regard to this matter:

## I. INTRODUCTION

The Plaintiff, Nelson Palmer (AIS #173247) is an inmate confined at Bullock County Correctional Facility located in Union Springs, Alabama. On April 14, 2006, Palmer filed a Complaint against PHS, the company that currently contracts with the Alabama Department of Corrections to provide healthcare to inmates at Bullock, and Tahir Siddiq, M.D., Bullock's Medical Director, alleging that these Defendants have violated his constitutional rights by

allegedly failing to provide him with appropriate medical treatment for a neck lipoma.[1] (See Complaint). Mr. Palmer has also sued Bullock's Warden and an unidentified prison commissioner. (Id.)

As directed, the Defendants have undertaken a review of Plaintiff Palmer's claims to determine the facts and circumstances relevant thereto. At this time, the Defendants are submitting this Special Report, which is supported by a Certified Copy of Plaintiff Palmer's medical records (attached hereto as Exhibit "A") and the Affidavit of Tahir Siddiq, M.D. (attached hereto as Exhibit "B"). These evidentiary materials demonstrate that Plaintiff Palmer has been provided appropriate medical treatment at all times, and that the allegations in his Complaint are without merit.

## II. NARRATIVE SUMMARY OF FACTS

At all pertinent times, Nelson Palmer (AIS# 173247) has been incarcerated as an inmate at Bullock County Correctional Facility. (See Exhibits "A" & "B"). Palmer has been seen and evaluated by Bullock's medical or nursing staff, and has been referred to an appropriate care provider and given appropriate care, each time he has registered any health complaints at Bullock. (Id.)

Mr. Palmer has made a complaint in this matter that Dr. Siddiq and PHS have failed to provide him with appropriate treatment for a lipoma which has developed on the back of his neck. (See Complaint). Mr. Palmer's Complaint is completely unfounded, as Dr. Siddiq has provided him with appropriate care for this condition at all times. (Id.)

On September 27, 2005, Dr. Siddiq provided Mr. Palmer with an initial evaluation and noted that he had a large lipoma developing on the nape of his neck. (See Exhibit "B"). On

---

[1] A lipoma is a benign tumor (neoplasma) of fatty tissue. It is painless and slowly enlarges, sometimes becomming several inches across. It has no potential for developing into a cancer.

October 18, 2005, Dr. Siddiq referred Mr. Palmer to surgeon Bryan Whyte, M.D. for specialty evaluation. (Id.)  Dr. Whyte determined that diagnostic evaluation of the lipoma would be necessary before a definitive treatment plan could be recommended. (Id.)

Pursuant to Dr. Whyte's recommendation, this inmate was afforded a CT scan of the neck and chest on February 2, 2006. (Id.) John C. Tomberlin, M.D. interpreted the studies. (Id.)  Dr. Tomberlin determined that Mr. Palmer's chest CT scan showed a soft tissue density and apparent lipoma along his upper dorsal region extending into the posterior region of the neck. (Id.) Otherwise, the study was unremarkable for this condition. (Id.)  The neck CT scan showed the same soft tissue mass, likely a lipoma, contained within the subcutaneous tissues. (Id.)  Mr. Palmer's anterior soft tissues appeared normal with symmetrical thyroid lobes noted; his airway was uncompromised. (Id.)  Subsequent to these studies, Mr. Palmer has been approved for surgery to remove the lipoma. (Id.)  PHS is currently working to schedule surgery with Dr. Whyte's office. (Id.)

In order to treat intermittent pain associated with this lipoma, Mr. Palmer has received Advil as warranted by his changing condition. (Id.)

It is clear from the evidence and testimony now before the Court that Mr. Palmer's medical conditions and complaints have been evaluated in a timely fashion at Bullock County Correctional Facility and his diagnosed conditions have been treated in a timely and appropriate fashion. (Id.)  At all times, he has received appropriate medical treatment for his health conditions at Bullock. (Id.)  At no time has he been denied any needed medical treatment. (Id.)

The appropriate standard of care has been adhered to at all times in providing medical care, evaluation, and treatment to this inmate. (Id.)  At no time have the Defendants, or any of the medical or nursing staff at Bullock County Correctional Facility, denied Mr. Palmer any

needed medical treatment, nor have they ever acted with deliberate indifference to any serious medical need of Mr. Palmer. (Id.) At all times, Mr. Palmer's known medical complaints and conditions have been addressed as promptly as possible under the circumstances. (Id.)

### III. DEFENSES

The Defendants assert the following defenses to the Plaintiff's claims:

1.      The Defendants deny each and every material allegation contained in the Plaintiff's Complaint and demand strict proof thereof.

2.      The Defendants plead not guilty to the charges in the Plaintiff's Complaint.

3.      The Plaintiff's Complaint fails to state a claim against the Defendants for which relief can be granted.

4.      The Defendants affirmatively deny any and all alleged claims by the Plaintiff.

5.      The Plaintiff is not entitled to any relief requested in the Complaint.

6.      The Defendants plead the defense of qualified immunity and aver that the actions taken by the Defendants were reasonable and in good faith with reference to clearly established law at the time of the incidents complained of by the Plaintiff.

7.      The Defendants are entitled to qualified immunity and it is clear from the face of the Complaint that the Plaintiff has not alleged specific facts indicating that the Defendants have violated any clearly established constitutional right.

8.      The Defendants cannot be held liable on the basis of respondent superior, agency, or vicarious liability theories.

9.      The Plaintiff is not entitled to any relief under 42 U.S.C. § 1983.

10.     The allegations contained in the Plaintiff's Complaint against the Defendants sued in their individual capacities, fail to comply with the heightened specificity requirement of Rule

8 in § 1983 cases against persons sued in their individual capacities. See Oladeinde v. City of Birmingham, 963 F.2d 1481, 1485 (11th Cir. 1992); Arnold v. Board of Educ. Of Escambia County, 880 F.2d 305, 309 (11th Cir. 1989).

11.    The Defendants plead all applicable immunities, including, but not limited to qualified, absolute, discretionary function immunity, and state agent immunity.

12.    The Defendants aver that they were at all times acting under color of state law and, therefore, they are entitled to substantive immunity under the law of the State of Alabama.

13.    The Defendants plead the general issue.

14.    This Court lacks subject matter jurisdiction due to the fact that even if the Plaintiff's allegations should be proven, the allegations against the Defendants would amount to mere negligence which is not recognized as a deprivation of the Plaintiff's constitutional rights. See Rogers v. Evans, 792 F.2d 1052 (11th Cir. 1986).

15.    The Plaintiff's claims against the Defendants in their official capacities are barred by the Eleventh Amendment to the United States Constitution.

16.    Alabama law provides tort and other remedies for the allegations made by the Plaintiff herein and such remedies are constitutionally adequate.

17.    The Defendants plead the defense that at all times in treating Plaintiff they exercised the same degree of care, skill, and diligence as other physicians and nursing staff would have exercised under similar circumstances and that at no time did they act toward the Plaintiff with deliberate indifference to a serious medical need.

18.    The Defendants plead the affirmative defense that the Plaintiff's Complaint fails to contain a detailed specification and factual description of the acts and omissions alleged to render him liable to the Plaintiff as required by § 6-5-551 of the Ala. Code (1993).

19.    The Defendants plead the affirmative defenses of contributory negligence and assumption of the risk.

20.    The Defendants plead the affirmative defense that Plaintiff's damages, if any, were the result of an independent, efficient, and/or intervening cause.

21.    The Defendants plead the affirmative defense that they are not responsible for the policies and procedures of the Alabama Department of Corrections.

22.    The Defendants plead the affirmative defense that the Plaintiff has failed to mitigate his own damages.

23.    The Defendants plead the affirmative defense that they are not guilty of any conduct which would justify the imposition of punitive damages against them and that any such award would violate the United States Constitution.

24.    The Defendants adopt and assert all defenses set forth in the Alabama Medical Liability Act § 6-5-481, et seq., and § 6-5-542, et seq.

25.    The Plaintiff has failed to exhaust his administrative remedies as mandated by the Prison Litigation Reform Act amendment to 42 U.S.C. § 1997e(a). The Plaintiff has failed to pursue the administrative remedies available to him. See Cruz v. Jordan, 80 F. Supp. 2d 109 (S.D. N.Y. 1999) (claims concerning Defendants' deliberate indifference to a medical need is an action "with respect to prison conditions" and is thus governed by exhaustion requirement).

26.    The Prison Litigation Reform Act amendment to 42 U.S.C. § 1997(e)(c) mandates the dismissal of Plaintiff's claims herein as this action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks money damages from the Defendants who are entitled to immunity.

27.     The Plaintiff's claims are barred by the Prison Litigation Reform Act of 1995, 42 U.S.C. §1997(e).

28.     The Plaintiff has failed to comply with 28 U.S.C. § 1915 with respect to the requirements and limitations inmates must follow in filing in forma pauperis actions in federal court.

29.     Pursuant to 28 U.S.C. § 1915 A, this Court is requested to screen and dismiss this case, as soon as possible, either before or after docketing, as this case is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks money damages from the Defendants who are  state officers entitled to immunity as provided for in 42 U.S.C. § 1997 (e)(c).

30.     The Defendants assert that the Plaintiff's Complaint is frivolous and filed in bad faith solely for the purpose of harassment and intimidation and requests this Court pursuant to 42 U.S.C. § 1988 to award these Defendants reasonable attorney's fees and costs incurred in the defense of this case.

31.     The Plaintiff's claims are moot because the events which underlie the controversy have been resolved. See Marie v. Nickels, 70 F., Supp. 2d 1252 (D. Kan. 1999).

## IV. ARGUMENT

A court may dismiss a complaint for failure to state a claim if it is clear that no relief could be granted under any set of facts that could be proven consistent with the allegations in the complaint. Romero v. City of Clanton, 220 F. Supp. 2d 1313, 1315 (M.D. Ala., 2002), (citing, Hishon v. King & Spalding, 467 U.S. 69, 73, (1984). "Procedures exist, including Federal Rule of Civil Procedure 7(a), or Rule 12(e), whereby the trial court may "protect the substance of qualified immunity," Shows v. Morgan, 40 F. Supp. 2d 1345, 1358 (M.D. Ala., 1999). A careful

review of Palmer's medical records reveals that Palmer has been given appropriate medical treatment at all times. (See Exhibits "A" & "B"). All of the allegations contained within Palmer's Complaint are either inconsistent with his medical records, or are claims for which no relief may be granted. (Id.) Therefore, Palmer's claims against the Defendants are due to be dismissed.

In order to state a cognizable claim under the Eighth Amendment, Palmer must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs. See Estelle v. Gamble, 429 U.S. 97, 106 (U.S. 1976); McElligott v. Foley, 182 F.3d 1248, 1254 (11th Cir. 1999); Palermo v. Corr. Med. Servs., 148 F. Supp. 2d 1340, 1342 (S.D. Fla. 2001). In order to prevail, Palmer must allege and prove that he suffered from a serious medical need, that the Defendants were deliberately indifferent to his needs, and that he suffered harm due to deliberate indifference. See Marsh v. Butler County, 268 F.3d 1014, 1058 (11th Cir. 2001) and Palermo, 148 F. Supp. 2d at 1342. "Neither inadvertent failure to provide adequate medical care nor a physician's negligence in diagnosing or treating a medical condition states a valid claim of medical mistreatment under the Eighth Amendment." Id. (citations omitted).

Not every claim by a prisoner that medical treatment has been inadequate states an Eighth Amendment violation. Alleged negligent conduct with regard to inmates' serious medical conditions does not rise to the level of a constitutional violation. Alleged medical malpractice does not become a constitutional violation merely because the alleged victim is a prisoner. See Estelle, 429 U.S. at 106, McElligott, 182 F.3d at 1254, Hill, 40 F.3d 1176, 1186 (11th Cir. 1994), Palermo, 148 F. Supp. 2d at 1342. Further, a mere difference of opinion between an inmate and the physician as to treatment and diagnosis cannot give rise to a cause of action under the Eighth Amendment. Estelle, 429 U.S. at 106-108.

The Defendants may only be liable if they had knowledge of Palmer's medical condition, Hill, 40 F. 3d at 1191, and acted intentionally or recklessly to deny or delay access to his care, or to interfere with treatment once prescribed. Estelle, 429 U.S. at 104-105. Obviously, Palmer cannot carry his burden.  The evidence submitted with this Special Report clearly shows that the Defendants did not act intentionally or recklessly to deny or delay medical care, or to interfere with any treatment which was prescribed or directed. The evidence demonstrates, to the contrary, that Palmer's claims are without merit, that his medical conditions were at all times adequately and timely addressed, and that he was not denied any necessary medical treatment. (See Exhibits "A" & "B").  Appropriate standards of care were followed at all times.  The evidence, in other words, shows without dispute that all of Plaintiff Palmer's medical conditions were thoroughly evaluated, treated, and monitored in a timely and appropriate manner. (Id.) Moreover, Mr. Palmer has been approved to receive surgery to remove the lipoma in question, and will receive this surgery in the near future. (Id.) These facts clearly disprove any claim that the Defendants acted intentionally or recklessly to deny treatment or care.

The Defendants are, further, entitled to qualified immunity from all claims asserted by Palmer in this action.  There is no argument that the Defendants were not acting within the scope of their discretionary authority.  See Eubanks v. Gerwen, 40 F. 3d 1157, 1160 (11th Cir. 1994); see also Jordan v. Doe, 38 F. 3d 1559, 1566 (11th Cir. 1994).  Because the Defendants have demonstrated that they were acting within the scope of their discretionary authority, the burden shifts to Palmer to show that the Defendants violated clearly established law based upon objective standards. Eubanks, 40 F. 3d at 1160.  The Eleventh Circuit requires that before the Defendants' actions can be said to have violated clearly established constitutional rights, Palmer must show that the right allegedly violated was clearly established in a fact-specific,

particularized sense. Edwards v. Gilbert, 867 F.2d 1271, 1273 (11th Cir. 1989), aff'd in pertinent part, rev'd in part on other grounds, sub nom., Edwards v. Okaloosa County, 5 F. 3d 1431 (11th Cir. 1989).

The Eleventh Circuit further requires that the inquiry be fact specific, and that officials will be immune from suit if the law with respect to their actions was unclear at the time the cause of action arose, or if a reasonable person could have believed that their actions were lawful in light of clearly established law and information possessed by the individual. See Brescher v. Von Stein, 904 F.2d 572, 579 (11th Cir. 1990) (quoting, Anderson v. Creighton, 483 U.S. 635, 640, (U. S. 1987)). The question that must be asked is whether the state of the law in 2006 gave the Defendants fair warning that his alleged treatment of Palmer was unconstitutional. Hope v. Pelzer, 536 U.S. 730, 741 (U.S. 2002).

Therefore, to defeat summary judgment, Palmer must be able to point to cases with "materially similar" facts, within the Eleventh Circuit, that would alert the Defendants to the fact that his practice or policy violates his constitutional rights. See Hansen v. Soldenwagner, 19 F.3d 573, 576 (11th Cir. 1994). In order for qualified immunity to be defeated, preexisting law must "dictate, that is truly compel (not just suggest or allow or raise a question about), the conclusion for every like-situated, reasonable government agent that what the defendant is doing violates federal law in the circumstances." Lassiter v. Alabama A & M Univ., Bd. of Trustees, 28 F. 3d 1146, 1151 (11th Cir. 1994). The Defendants submit that there is no case law from the United States Supreme Court, the Eleventh Circuit Court of Appeals, or District Courts sitting within the Eleventh Circuit showing that, under the facts of this case, it was clearly established that these alleged actions violated Palmer's constitutional rights. All of Palmer's medical needs have been

addressed or treated. The Defendants have provided Palmer with appropriate medical care at all times. (See Exhibits "A" & "B").

Finally, pursuant to the Court's April 18, 2006, the Defendants request that this Special Report be treated and denominated as a Motion to Dismiss and/or a Motion for Summary Judgment. The Defendants have demonstrated both through substantial evidence and appropriate precedent that there is not any genuine issue of material facts relating to a constitutional violation, and that they are, therefore, entitled to a judgment in their favor as a matter of law. The Plaintiff's submissions clearly fail to meet his required burden.

## V. CONCLUSION

The Plaintiff's Complaint is due to be dismissed on its face, and is, further, disproven by the evidence now before the Court. All of the Plaintiff's requests for relief are without merit. Accordingly, the Defendants request that this Honorable Court either dismiss the Plaintiff's Complaint, with prejudice, or enter a judgment in their favor.

Respectfully submitted,

s/L. Peyton Chapman, III
Alabama State Bar Number CHA060
s/R. Brett Garrett
Alabama State Bar Number GAR085
Attorneys for Defendants PHS and
Tahir Siddiq, M.D.

RUSHTON, STAKELY, JOHNSTON &
GARRETT, P.A.
Post Office Box 270
Montgomery, Alabama 36101-0270
Telephone: (334) 834-8480
Fax: (334) 262-6277
E-mail: bg@rsjg.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been served by U.S. Mail

this the 5th day of June, 2006, to:

Nelson Lee Palmer (AIS# 173247)
Bullock County Correctional Facility
P.O. Box 5107
Union Springs, AL 36089

                                              s/R. Brett Garrett GAR085
                                              Attorney for Defendants PHS and Tahir
                                                Siddiq, M.D.